990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie ALEXANDER, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent Oregon State Penitentiary,
Respondent-Appellee.
 No. 91-35941.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie Alexander, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his state convictions for robbery and assault. Alexander contends the district court erred by failing to hold an evidentiary hearing on his claim of ineffective assistance of counsel at his state criminal trial. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Alexander was convicted of first degree robbery and second degree assault following a jury trial in Oregon state court. At about 2:00 a.m. on April 25, 1986, Mr. Blanchard, the victim, was robbed and stabbed by two assailants after leaving a North Portland bar. The assailants ran away on foot. Alexander and a companion, Tony Lincoln, were arrested a few blocks away in Alexander's van. Following a search of the van, Portland police found a brown waist length coat which appeared to have fresh blood on the front. No knife was found. Blanchard stated that one of the robbers wore a yellow thigh-length jacket. While under sedation, Blanchard identified a handcuffed Alexander at the hospital emergency room as one of the robbers, but stated that Lincoln was not the other assailant. Alexander and Lincoln testified that they were together the entire evening and knew nothing of the robbery.
 
 
 4
 Alexander's sole contention on appeal is that the district court erred by failing to grant him an evidentiary hearing regarding his claim that his state trial counsel failed to adequately prepare and present a defense addressing the existence of the bloodstains on the jacket. Alexander argues that an evidentiary hearing is required because the state post-conviction court's finding that his state trial counsel rendered adequate assistance of counsel is not fairly supported by the record and because he was not afforded a full and fair hearing on this issue in the state post-conviction court. In support of this argument, Alexander states that his trial counsel did not testify in person at the state post-conviction proceeding, but testified by affidavit, and that trial counsel's affidavit responses were flippant and non-responsive answers to Alexander's complaints. These contentions are without merit.
 
 
 5
 A state post-conviction court's factual findings are entitled to a presumption of correctness. 28 U.S.C. § 2254(d); Tamayo-Reyes v. Keeney, 926 F.2d 1492, 1496 (9th Cir.1991), rev'd on other grounds, 112 S.Ct. 1715 (1992). This presumption of correctness would not apply if (1) "the material facts were not adequately developed at the State court hearing," 28 U.S.C. § 2254(d)(3); accord Tamayo-Reyes, 926 F.2d at 1498; see also Townsend v. Sain, 372 U.S. 293, 313 (1963), and the petitioner demonstrates that the failure to develop the facts was not due to his own " 'inexcusable neglect,' " Tamayo-Reyes, 926 F.2d at 1498 (quoting Townsend, 372 U.S. at 317), or (2) the petitioner "did not receive a full, fair, and adequate hearing in the State court proceeding," 28 U.S.C. § 2254(d)(6); accord Tamayo-Reyes, 926 F.2d at 1498; see also Townsend, 372 U.S. at 313. If one of these circumstances is shown to exist, a federal evidentiary hearing must be held. Tamayo-Reyes, 926 F.2d at 1498.
 
 
 6
 Here, state trial counsel's affidavit directly addressed Alexander's complaints regarding the strategy counsel pursued with regard to the bloodstains on the jacket. Further, Alexander was represented by counsel in the state post-conviction proceedings and there is no evidence either that Alexander sought to compel the appearance of state trial counsel at the post-conviction proceedings or that the state trial court limited his ability to present his case in any way. In light of these facts, we hold that Alexander received a full, fair, and adequate hearing in the state court proceedings which adequately developed the material facts. See Tamayo-Reyes, 926 F.2d at 1498. Therefore, the state court findings of fact are entitled to a presumption of correctness, see 28 U.S.C. § 2254(d), and the district court did not err by failing to hold an evidentiary hearing on this issue, see Townsend, 372 U.S. at 322; Tamayo-Reyes, 926 F.2d at 1498.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3